**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

ROGER ERVIN,

   Plaintiff,

   v.

CORIZON HEALTH,
MATTHEW CARPENTER, P.A.,
ASRESAHEGN GETACHEW, M.D.,

   Defendants.

Civil Action No.:  ELH-21-2386

**MEMORANDUM**

Roger Ervin, a self-represented Maryland prisoner, filed suit against multiple defendants on September 17, 2021. The suit concerns plaintiff's medical issues, some of which were addressed in prior litigation. *See Ervin v. Corizon Health, et al.*, ELH-19-1666 ("*Ervin I*").

By Memorandum and Order dated October 1, 2021 (ECF 3; ECF 4), I denied Ervin's request in this case for injunctive relief and granted him 28 days in which to file an amended complaint concerning facts and events occurring since May 13, 2020, when I issued dispositive rulings in *Ervin I*.[1] Thereafter, Mr. Ervin filed two amended complaints (ECF 5; ECF 10), along with motions to appoint counsel (ECF 6), for production of documents (ECF 7), requesting an associate (ECF 8), and to alter or amend the Order of October 4, 2021, denying injunctive relief (ECF 9). Mr. Ervin also filed a petition for writ of mandamus, raising additional allegations. ECF 11.

---

[1] Although ECF 3 and ECF 4 are both dated October 1, 2021, ECF 4 was not docketed until October 4, 2021.

For the reasons stated herein, Mr. Ervin will be allowed to supplement one of his claims. Defendants will be required to respond to some of Mr. Ervin's claims. The remaining claims shall be dismissed.

As noted, Mr. Ervin has filed two amended complaints. The first amended complaint (ECF 5) also seeks "partial summary judgment," which shall be denied. Ordinarily, it is the second-filed amended complaint (ECF 10) that would serve as the operative complaint. "'[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect.'" *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *In re Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000)) (citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended . . . supersedes the pleading it modifies . . .")); *see also Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021). However, in light of Mr. Ervin's pro se status, I shall consider both amended complaints (ECF 5 and ECF 10). These submissions raise claims against Matthew Carpenter, P.A., Dr. Getachew, and Corizon.

Mr. Ervin has not paid the filing fee or moved for in forma pauperis status. But, he filed an inmate account statement reflecting a zero balance. ECF 2. He shall be granted leave to proceed in forma pauperis.

Under the provisions of 28 U.S.C. § 1915(e)(2) a case shall be dismissed at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. This court is mindful, however, of its obligation to construe liberally the pleadings of a self-represented litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a complaint, the factual allegations are

assumed to be true. *Id*. at 94 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

Nonetheless, liberal construction does not mean that this court can ignore a clear failure in a complaint to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F.2d 721, 722-723 (4th Cir. 1989). With these standards in mind, I turn to review the amended complaints.

## I. Amended Complaints

### A. Eye care

Mr. Ervin claims that a delay in the surgical removal of a shunt put in place to treat glaucoma in his left eye has caused him to lose vision in that eye and his eye now needs to be removed. ECF 10 at 11. He adds that doctors at the Johns Hopkins Wilmer Institute ("Johns Hopkins") remarked that the tube should not have stayed in his left eye if it was going to take two years for him to return for the removal surgery. ECF 5 at 4.[2] Mr. Ervin claims he saw Dr.

---

[2] During the lengthy litigation of Mr. Ervin's prior claims regarding his glaucoma treatment and need for surgery, it was established that the delays in removing the tube from his left eye were caused by his abject refusal to undergo the surgery, despite repeated warnings from various medical providers that his refusal of the surgery would harm his vision and possibly cause an infection. *See Ervin I*, ECF 10-3 (Decl. of Getachew) at ¶¶ 9, 12, 25, 34(a); ECF 10-4 (medical records); ECF 13 (Mem Op.) at 11-12; ECF 59 (Mem Op.) at 12. Although Mr. Ervin now denies refusing the surgery, verified medical records and declarations by medical staff filed in the prior case establish otherwise. *Id*. The current Complaint, as amended, does not describe any delay in providing Mr. Ervin with treatment for his glaucoma, or corrective surgery to his left eye, nor does it state a viable claim against the named defendants.

Getachew on January 4, 2021, after an appointment with doctors at Johns Hopkins. and told Dr. Getachew that the eye doctor said he needed to return for follow up care. ECF 10 at 6-7. Dr. Getachew's response to Mr. Ervin is not explained in the amended complaint. However, Mr. Ervin states he went back to Johns Hopkins on May 19, 2021, and was told he needed surgery to close up a hole in his left eye and that the matter was urgent. ECF 10 at 8.

Mr. Ervin admits that he had laser surgery to close the hole in his left eye on June 21, 2021, and when he returned to Johns Hopkins on June 30, 2021, he was told his left eye would need to be removed. ECF 5 at 4-5; ECF 10 at 8. Mr. Ervin states he was also told to return on July 28, 2021, for further testing to see if Johns Hopkins surgeons could remove his left eye without causing damage to his right eye. ECF 5 at 5. According to Mr. Ervin, two eye doctors used by Corizon physicians, Dr. Paul Goodman and Dr. Amy Green-Simms, said he was going to lose his left eye to save the right eye. *Id*.; *see also* ECF 10 at 5-6. Plaintiff believes that if he had been provided with surgery more quickly, to "close up" the hole in his left eye, he would not be facing the surgical removal of his left eye. ECF 10 at 11, ¶ 23, and 13 (stating left eye needs to be removed and right eye may also need to be removed).

In his petition for writ of mandamus, Mr. Ervin claims he was instructed to return to Johns Hopkins on July 28, 2021, but he has not been back and has not been seen by medical staff since his surgery. ECF 11 at 12. He claims that after the surgical removal of the tube in his left eye, his eye can no longer drain, and it is now swollen and painful. *Id*.

Defendants will be required to respond to the claim regarding the alleged failure to return Mr. Ervin back to Johns Hopkins for a follow-up appointment on July 28, 2021, and the alleged failure to provide additional needed surgery.

  **B.**   **Mandamus**

4

Under 28 U.S.C. § 1361, the federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. However, the federal district court has no mandamus jurisdiction over State employees, such as the defendants in this case. *Gurley v. Superior Court of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir. 1969). Additionally, a writ of mandamus is an extraordinary writ that is only available in cases where no other means by which the relief sought could be obtained. *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987).

To the extent that Mr. Ervin seeks a writ of mandamus requiring the performance of an alleged duty owed to him by a State employee, the writ is not available from this court. Therefore, his mandamus request is denied.

### C. ADA Claim

Mr. Ervin raises claims that he is disabled and entitled to reasonable accommodations under the Americans with Disabilities Act ("ADA"). ECF 5 at 5-6; ECF 10 at 7. He begins with the premise that I issued an order stating that he is disabled because he is visually impaired and therefore entitled to ADA accommodations. ECF 5 at 5. In plaintiff's view, he was not given those accommodations. Therefore, he claims that "all defendants" have discriminated against him on the basis of his disability. *Id*. He also complains that all three defendants knew he was disabled but allowed him to remain locked up on segregation, "suffering in pain." *Id*. at 7.[3]

According to Mr. Ervin, on January 4, 2021, Dr. Getachew told him he would make sure Mr. Ervin received reasonable accommodations due to his visual impairment. ECF 5 at 6. Mr.

---

[3] Facts established in Mr. Ervin's prior litigation indicate that he was placed on segregation by correctional officials in response to his repeated violations of institutional rules. *See Ervin I*, ECF 59 (Mem Op.) at 56-58 (discussing retaliation claim refuted by disciplinary infractions as independent, legitimate reason for segregation assignment).

Ervin states that he saw Dr. Getachew on February 15, 2021, and told him he needed a court order to accommodate his visual impairment so that he could get assistance with filling out paperwork for his stimulus check.  ECF 5 at 12; ECF 10 at 7.  Dr. Getachew allegedly said he did not understand what Mr. Ervin was talking about.  ECF 10 at 7.

Mr. Ervin states in his second amended complaint: "The medical Defendants & Corizon are place [sic] my life in danger by not allow[ing] the DOC officials to know I am [visually] impaired."  ECF 10 at 9.  Thus, they allegedly deprived him of reasonable accommodations, such as a wheelchair and a handicapped accessible cell.  *Id.*  Mr. Ervin adds that Corizon has "made matter[s] worse" when "they told Hon. Judge they didn't know Mr. Ervin had a court order for reasonable accommodation" due to his visual impairment.  *Id.* at 10-11.

In order to state a claim under Title II of the ADA, a plaintiff must show that he is a person with a disability as defined by the statute; that he is otherwise qualified for the benefit claimed to have been denied; and that he was excluded from the benefit due to discrimination based on disability.  *See Nat'l Fed'n of the Blind v. Lamone*, 813 F.3d 494, 502-03 (4th Cir. 2016) (citing *Constantine v. George Mason Univ.*, 411 F.3d 474, 498 (4th Cir. 2005)); *Doe v. Univ. of Md. Med. Sys. Corp.*, 50 F.3d 1261, 1264-65 (4th Cir. 1995); *see also* 42 U.S.C. § 12131 *et seq.*  Mr. Ervin raised this allegation in *Ervin I*, but there was no evidence produced establishing that he qualified for ADA accommodations.  *See Ervin I*, ECF 59 (Mem. Op.) at 53 (discussing correctional defendants' response to ADA claim); ECF 38-4, ¶ 3 (Decl. of Assistant Warden Jeffrey Nines).

The Court cannot determine whether circumstances have changed, such that plaintiff is now disabled.  Therefore, defendants will be required to respond to plaintiff's assertion that he is disabled and qualifies for accommodations under the ADA.

**D.     Sinus Surgery**

6

In the first amended complaint, Mr. Ervin alleges that Matthew Carpenter, a Physician's Assistant at North Branch Correctional Institution ("NBCI"), never responded to the allegations raised in *Ervin I* and that "the rest of the Defendants was send [sic] to low court under Supplemental Complaint." ECF 5 at 2, 7.[4]  Mr. Ervin adds that Corizon and Carpenter knew he had a chronic sinus condition that caused him pain and suffering because Mr. Ervin wrote to corporate headquarters while *Ervin I* was pending in this court, stating he was suffering from chronic sinusitis. *Id*. at 16.  Mr. Ervin adds that he does not have high blood pressure, does not need to take medication to treat it, but instead it is his sinus condition that is causing his stress as well as his elevated blood pressure. *Id*. at 18.

In his second amended complaint Mr. Ervin alleges that Carpenter was made aware of plaintiff's chronic conditions and need for a follow up appointment after his sinus surgery, but allegedly failed to take action. ECF 10 at 4-5, ¶ 3.  Mr. Ervin adds that Carpenter was one of the "first people" to see Mr. Ervin after the surgery to his sinus and to his eyes. *Id*. at 10, ¶19.

In a prior lawsuit, initiated in 2016, Mr. Ervin alleged he was not provided appropriate care after he received sinus surgery on January 24, 2017.  *See Ervin v. Wexford*, Civil Action ELH-16-3964 (D. Md. 2016), ECF 51 (Mem. Op. denying preliminary injunction) at 3.  To the extent that Mr. Ervin is attempting to revive a claim regarding his medical care following his sinus surgery, the claim is barred by the doctrine of res judicata and will not be revisited here.  In addition, the

---

[4] Mr. Ervin's primary grievance with Corizon appears to be that it did not respond to the Complaint filed in *Ervin I*, nor was a response filed on its behalf in State court. ECF 5 at 14.  Mr. Ervin is mistaken; Corizon did in fact defend against the lawsuit. *See Ervin I* at ECF 42 (Medical defendants' motion for summary judgment); ECF 59 (Memorandum Opinion) at 13-14; 15-18; 40; and ECF 60 (Order denying motion for default).  Additionally, Mr. Ervin's State litigation was dismissed on May 8, 2019, due to his failure to prosecute his claim. *See Ervin v. Wexford Health Source, Inc.*, Case No. 010100152882018 (Balt. City Dist. Ct. 2018) at http://casesearch.courts.state.md.us/casesearch/.

absence of any specific date with regard to this allegation against Carpenter makes this claim virtually impossible for Carpenter to respond to it in any meaningful way. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (complaint must give defendant fair notice of the claim).

According to Mr. Ervin, Dr. Getachew promised him, on an unknown date, that he would be sent out for an MRI of his sinuses. ECF 10 at 9-10. Mr. Ervin states his sinus medication was discontinued even though he has chronic sinusitis, but he does not state who discontinued his medication or when it was discontinued. *Id*. Moreover, he does not explain why the failure to provide him with an MRI has caused him harm.

It is unclear whether Mr. Ervin is attempting to relitigate his earlier claims concerning sinusitis, or, instead, seeks to lodge a new claim. Therefore, Mr. Ervin will be afforded an opportunity to clarify and to supplement his claim concerning his sinus issue, responsive to the concerns addressed herein.

**II.     Motions**

Mr. Ervin has filed motions to appoint counsel (ECF 6), for production of documents (ECF 7), requesting an associate (ECF 8), and to alter or amend the Order of October 4, 2021, denying injunctive relief (ECF 9).

In his motion to appoint counsel, Mr. Ervin states he requires counsel so that he can "prove the corruption at all levels with [Corizon]." ECF 6 at 2. He further reiterates his mistaken belief that Corizon has not responded to the claims raised against it in State court or in this court. *Id*. at 3. A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). There is no absolute right to appointment of counsel, however.

As noted, an indigent claimant must present "exceptional circumstances." *See Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it." *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel). Exceptional circumstances include a litigant who "is barely able to read or write," *Whisenant* at 162, or clearly "has a colorable claim but lacks the capacity to present it." *Berry v. Gutierrez*, 587 F. Supp. 2d 717, 723 (E.D. Va. 2008).

For the most part, Mr. Ervin has not presented a colorable claim. Rather, he simply reiterates claims that have been previously litigated and established to have no basis in fact. And, to the extent that plaintiff has raised new issues, he has shown that he has the ability to do so. As such, no exceptional circumstances exist at this time that warrant the appointment of an attorney to represent Mr. Ervin. The motion shall be denied, without prejudice.

In his request for production of documents (ECF 7), Mr. Ervin seeks to have Dr. Amy Simms Green and Dr. Jasdeep Singh Sabharwal subpoenaed for the purpose of providing their diagnoses that Mr. Ervin's left eye needs to be removed and that this was caused by a two-year delay in returning Mr. Ervin for surgery. *Id*. at 1-2. He also wants evidence of Corizon's hiring history and training practices for the nurses and doctors that it employs. *Id*. at 2. Lastly, Mr. Ervin requests a copy of his entire medical record. *Id*. He states that he needs all of this information to prove his case. *Id*. at 5.

Discovery requests are not appropriately filed with the court. *See* Local Rule 104.5 (D. Md. 2021). Motions to compel discovery are improperly filed if there is no evidence that (1) discovery has commenced; (2) an appropriate discovery request was made; (3) a response to the

request was either not provided or did not comply with the request; and (4) informal efforts to resolve the dispute have failed.  *See* Fed. R. Civ. Proc. 26, *see also* Local Rule 104.8. (governing procedure for motions to compel).  In the instant case there has been no scheduling order issued setting forth deadlines for discovery.  *See* Local Rule 104.4 (D. Md. 2021) (providing "[D]iscovery shall not commence until the issuance of a Scheduling Order.").  The motion shall be denied as premature.

Mr. Ervin's "motion requesting associate" simply reiterates his position that he is blind but does not explain what exactly he is requesting.  ECF 8.  To the extent the motion is simply a restatement of one of the reasons Mr. Ervin wants counsel appointed to represent him, the motion shall be denied for the same reason his motion to appoint counsel is denied, without prejudice.

In his motion to alter or amend judgment (ECF 9), Mr. Ervin voices his belief that this court ordered surgery to be performed on his eye and states he disagrees with my decision in *Ervin I*.  He insists that I only dismissed his prior case as to defendants William Beeman and Holly Pierce and that I sent the remaining claims against other defendants to the State court.  ECF 9 at 4.

Mr. Ervin misstates what occurred in *Ervin I*.  This court never issued an order requiring surgery to be performed on Mr. Ervin's eye.  Nor does it have authority to require a State court to consider claims.  Mr. Ervin's disagreement with the outcome in *Ervin I* is not a basis for revisiting that outcome.  The motion shall therefore be denied.

### III.    Conclusion

Mr. Ervin will be granted 28 days to supplement his claim with regard to his sinusitis.  The following claims raised by Mr. Ervin will move forward: (1) the alleged failure to return Mr. Ervin to Johns Hopkins for follow-up care after his post-surgical appointment on June 30, 2021; (2) the present need for additional surgery to Mr. Ervin's eye(s) and an explanation of any delays that

have occurred; and (3) whether Mr. Ervin's current medical condition qualifies him as a disabled individual requiring ADA accommodations. Mr. Ervin's other motions are denied.

A separate Order follows.

December 2, 2021　　　　　　　　　　　　　　　／s／
Date　　　　　　　　　　　　　　　　　　　　Ellen L. Hollander
　　　　　　　　　　　　　　　　　　　　　　United States District Judge