IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROGER ERVIN,

    Plaintiff,

    v.

CORIZON HEALTH, *et al.*,

    Defendants.

Civil Action No.:  ELH-21-2386

**MEMORANDUM**

The self-represented plaintiff, prisoner Roger Ervin, has filed a motion for emergency injunctive relief (ECF 21), motions to appoint counsel (ECF 25; ECF 37), and a motion for an order compelling discovery (ECF 38).  No hearing is necessary.  *See* Local Rule 105.6.  For the reasons that follow, I shall deny the motions.

**A.      Motion for Emergency Injunctive Relief**

In his motion for emergency injunctive relief, plaintiff seeks an order from this court requiring medical care providers to issue a medical order for permanent use of a wheelchair; an MRI of plaintiff's back and sinuses as promised by Dr. Getachew; to be placed back on "the right medication;" a transfer to a facility closer to Johns Hopkins Hospital; to make permanent his placement in a single cell; and monetary damages.  ECF 21 at 11-12.

A preliminary injunction temporarily affords a remedy prior to trial.  Therefore, the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing" that he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20-23 (2008); *Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 292-93 (4th Cir. 2011).  "All four requirements

must be satisfied." *Cantley v. W. Virginia Reg'l Jail & Corr. Facility Auth.*, 771 F.3d 201, 207 (4th Cir. 2014) (brackets omitted); *see also Pashby v. Delia*, 709 F.3d 307, 320 (4th Cir. 2013).

Plaintiff's request for injunctive relief shall be denied, as he does not clearly satisfy all four factors. Rather, plaintiff simply offers conclusory assertions that he is likely to succeed, and that he will suffer irreparable harm without the relief requested. However, plaintiff admits he is currently in a single cell and this court is well aware that plaintiff has pressed the same issues in prior litigation, and he was unsuccessful. To the extent the motion for injunctive relief includes additional requests for relief, it is construed as a supplement to the Complaint but otherwise, the motion shall be denied.

**B.      Motions for Appointment of Counsel**

Plaintiff states in his first motion for appointment of counsel (ECF 25), filed on January 18, 2022, that there are no case management workers or medical personnel to provide plaintiff with the opportunity to review his medical record and to obtain copies of records for purposes of litigating this lawsuit. *Id.* at 2. He also states that he is confined to segregation because no medical order has been issued regarding his need for single cell housing and/or a bottom bunk assignment. *Id*.

In his second motion for appointment of counsel (ECF 37), filed on March 22, 2022, plaintiff complains that defendants were granted an extension of time but have not responded to his requests for discovery. *Id.* at 1-2. He asserts there is information he cannot obtain without the assistance of an attorney. *Id*. at 2. He does not provide a description of that information, however.

A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*,

686 F.2d 264, 266 (5th Cir. 1982).  At this early stage (defendants' response is due May 1, 2022), plaintiff's need for additional time to file pleadings or to obtain medical records could be accommodated through extensions of time, rather than appointment of counsel.

Plaintiff is also advised that this court must construe liberally the pleadings of a self-represented litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Additionally, it cannot yet be determined if a hearing or discovery will be necessary to the disposition of this case.  Thus, having found no exceptional circumstances warranting appointment of counsel, the motions (ECF 25, ECF 37) shall be denied, without prejudice.

**C.      Motion for an Order Compelling Discovery**

In this motion, plaintiff seeks to have this court order defendants Corizon Health, Matthew Carpenter, P.A., and Dr. Asresahagn Getachew to answer the complaint "under oath" and for "the answers to be signed by those person [sic]." ECF 38 at 1.  Additionally, plaintiff seeks all medical records, including a neurologist and ENT report from 2017 and all surgical reports from Johns Hopkins, to show that defendants did not follow any of the outside doctors' recommendations. *Id*. Plaintiff also asks for a list of cases filed against Corizon. *Id*. at 2.

Discovery may not commence before defendants have answered or otherwise responded to the Complaint, and then only after a scheduling order has been issued by this court. *See* Local Rule 104.4 (D. Md. 2021).[1]   A motion to compel discovery is improperly filed if there is no evidence that (1) discovery has commenced; (2) an appropriate discovery request was made; (3) a response to the request was either not provided or did not comply with the request; and (4) informal

---

[1] "[D]iscovery shall not commence and disclosures need not be made until a scheduling order is entered."

efforts to resolve the dispute have failed.  *See* Fed. R. Civ. Proc. 26, *see also* Local Rule 104.8.

(governing procedure for motions to compel).

Therefore, plaintiff's motion to compel discovery (ECF 38) is denied.

A separate Order follows.

April 12, 2022                                                           /s/
Date                                                    Ellen L. Hollander
                                                        United States District Judge