IN The United States District Court For The District of Maryland
101 W. Lombard Street Balto. Md 21201-2691
Civil Action: ELH-21-2386

Roger Ervin Pro-Se
Plaintiff

V.S

1.) Corizon Health
2.) Matthew Carpenter P.A.
3.) Dr. Asresahagn Getachew M.D

Defendants

## Motion For Default Judgment

Plaintiff Moves the Court For Judgment by Default in this Action, And Show that Defendants have Not Filed Defends, Motion & was order to Do So November 1 2021. And have had two extension of time From November 2021 until April 1 2022 & From April 1 2022 until May 1, 2022 both Motion was Granted. Still they otherwise responded to the Complain So the Plaintiff is Entitled to Judgement In His Favor & by a Matter of Law

### Statement of The Case

This Case Comes Before the Court where the Defendants in this Case are essentially denying Treatment of a Potentially Life threatening Condition As A Cost Saving Measure. But the Defendants Failure to Render Medical Assistance. See Farmer, 511 U.S. at 834; Wilson, 501 U.S. at 303; Thompson V. Virginia 878 F.3d 89, 97 (4th Cir 2017) So Showing of deliberate

Indifference can be manifested by prison officials in responding to a prisoner's medical needs in various ways, including intentionally denying or delaying medical care or intentionally interfering with prescribed medical care". Formica v. Aylor, 739 F. App'x 745, 754 (CA 2018) (emphasis in Formica).

In the context of a claim concerning medical care, the subjective component of the standard requires a determination as to whether the defendant acted with reckless disregard in the face of a serious medical condition, i.e., with "a sufficiently culpable state of mind." Wilson, 501 U.S. At 298. See Farmer, 511 U.S. At 839-40; 841 F.3d At 225 As the Farmer court explained 511 U.S. At 837. Reckless disregard occurs when a Defendant "knows of and disregards an excessive risk to inmate's health or safety

But also here the Defendants' failed to carry out the orders of the specialist Plaintiff was referred to. Plaintiff had a blockage a cyst up in sinus cavity the left side up by his eye. The cyst was remove by surgery, but the two in right side cavity was too small to be remove. So a form of treatment & medication was giving for both side. To prevent the cyst from coming back & to stop growth in left side. But the Defendants discontinued the medication. Now the eye press is out of control. And John Hopkins Wilmer Eye Cnsl

order the Defendants to bring the complaintiff back. It took two years & still counting. The blockage is resulting in severe pain, diminished occular ability and and increased blood pressure. The Defendants' though they have referred the plaintiff to specialists who have made specific recommendations, the Defendants have failed to carry out the recommendation due to cost saving and whereupon plaintiff suffering & pains.

## The Facts

On April 14, 2022 The Plaintiff Roger Ervin seen Dr. Asresahagni, Geeta Chew MD on a sick call where plaintiff explain to the Doctor the eye pressure is high. And John Hopkins stated this April 1, 2022. And that they order a form of treatment & bring me back in 4 four week from April 1, 2022. And without the sinus medication you are going keep having this problem. The issue with my back & the swelling of my legs & medication the Hon. Judge FLH-21-2386 is a little tire of hearing me crying about these thing. He stated I need to examine you to see for myself is this true. Both legs was swollen & the low back was swollen. So he wrote a order for wheelchair when out of the cell & hawcell(?) cop cell exhibit (A). But if is not Permanent what differ do the order make I wrote out a sick request to be seen. The Official'y

are stating what order do we follow? I can't say anything. The order are up the outside of the door of this cell (1-C-1) Please review (Exhibit B) & (Exhibit C) each time I was seen by the Defendant his order change. He is toying with me.

## Argument

Plaintiff would move the court to liberally construe Plaintiff's Default Motion to carry out it's intent pursuant to the holding in Haines v. Kerner, 404 U.S. 519, 520-21 (1972) where in this case not only is Plaintiff entitled to as a matter of law a Judgment in his favor where the Defendants have failed to respond, but also Plaintiff is entitled to a standard of care as announced in D.O.C. 200.0001 V.B.B., Inmates' Rights. The standard of care Plaintiff currently receives is sub par and not comparable in quality that available to the general public, nor is it consistent with the "strict locality rule" see Shilkret v. Annapolis Emergency Hosp. Association, 246 md 187, 188 with Crockett v. Crothers, 264 md 222, 224-25 (1944).

A Motion for Default may be granted if there exists no genuine issue as to any material fact and the moving party is entitled to Judgment as a matter of law, Anderson v. Liberty Lobby, Inc, 477 U.S. 242, 250 (1986); Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986) A Party who bears

The burden of proof on a particular claim must factually support each element of his or her claim. A complete failure of proof concerning an essential element necessarily renders all other facts immaterial." Id at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion default with a notice to court clerk first this was done. And evidence. Anderson 477 U.S. At 256. In the instant case at bar, neither defendants' has filed a defend to the complaint so it is true. Nor did they file a response to the complaint.

## Conclusion and Relief Requested

Plaintiff Pro-Se moves the court this instant case to construe defendants' Corizon Health Inc, Dr. Asresahagn, Geta chew MD, Matthew Carpenter P.A. Defendants'/Agent of Corizon Health Care Inc, for the purpose of service of the complaint, deeming that Dr. Getachew MD & P.A Carpenter was service & Corizon Health Care Inc & was 'Noticed' of this case at the time defendants' was served, deem the defendants' to be in default for failing to declare and defend against the allegations; and where the defendants have not responded to the complaint, holding that such failure is tantamount to a concession that the facts as presented

by the Plaintiff are meritorious. Therefore based thereupon the Court should issue orders as follows:

(A) That Defendant Corizon Health Inc. pay the Plaintiff One Million Dollars ($1,000,000) in Pain & Suffering

(B) Defendants' both Dr Getachew & PA Matthew Carpenter pay Plaintiff Pain & Suffering Five Hundred Thousand Dollars ($500,000) and compensatory damages each.

(C) Provide Plaintiff all his medication provided to him by Specialist & Honor his court order for reasonable accommodation for vision impair already listed in court filed permanent order for his condition from these Defendants

(D) Require the Defendants' to send the Plaintiff out to see the E.N.T see what form of treatment is needed give order to the Defendants' do not discontinue any of the Plaintiff order again.

(E) House the Plaintiff in a single cell reducing the stress and anxiety, which is currently aggravating and complicating Plaintiff's current illness.

(F) Grant the Plaintiff any other and further relief as he may be entitled

-led to Including

WHEREFORE, It is Respectfully Prayed the Court

Respectfully Submitted

Roger Ervin #361433
Pro-Se

## Affirmation Oath

I Roger Ervin, do hereby Affirm under Penalty of Perjury that the Aforegoing Statements are true to the best of my Personal Knowledge and belief.

May 4 2022

Roger Ervin
Pro-Se

## Certificate Service

I Roger Ervin the Plaintiff in the Captioned Case Do Hereby Certify that a copy of the foregoing Plaintiff Motion for Default was Mailed Post Paid to the Following by Depositing the Same into the North Branch Correctional Institutions Prisoner Mail System System on May 4 2022

In The United States District Court For The District of Maryland
101 W Lombard St, Balto Md 21201-2691

Mark J. O'Neill
O'Brien - Doherty Kelly
600 Baltimore Ave. Suite 305
Towson Md 21204   May 4 2022

Respect

Roger Ervin
Roger Ervin
Pro-Se