**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| ROGER LEN ERVIN,<br><br>Plaintiff,<br><br>v.<br><br>CORIZON HEALTH, *et al.*<br><br>Defendants. | Civil Action No.: ELH-21-2386 |

**MEMORANDUM AND ORDER**

Plaintiff Roger Ervin, a self-represented Maryland prisoner, filed suit against multiple defendants on September 17, 2021, including Corizon Health, Inc. ("Corizon"). ECF 1; *see also* ECF 5, ECF 10. The suit concerned his medical issues, some of which were addressed in prior litigation. *See Ervin v. Corizon Health, Inc., et al.*, ELH-19-1666; *Ervin v. Wexford*, ELH-16-2964. In this case, by Memorandum Opinion and Order of October 3, 2022, the Court dismissed the suit as to Corizon and granted summary judgment to other defendants. *See* ECF 64, ECF 65. In addition, the Court directed the Clerk to close the case. ECF 65. As discussed, *infra*, plaintiff filed a belated appeal some nine months later, in June 2023. ECF 67.

Now pending is Ervin's motion to reopen this case, filed on July 31, 2026. ECF 72 (the "Motion"). The Motion is supported by several exhibits. ECF 72-1 to ECF 72-6. Plaintiff asserts that the bankruptcy stay entered in proceedings initiated by Corizon was lifted as of June 30, 2026, so as to permit him to proceed. *Id.* at 3.

No hearing is necessary to resolve the Motion. Local Rule 105.6. For the reasons stated herein, I shall deny the Motion.

Mr. Ervin's lawsuit concerned multiple allegations that, while he was incarcerated in North Branch Correctional Institution, he was not provided with adequate medicate care for various health conditions, such as a chronic sinus condition, glaucoma, and chronic back pain. *See* ECF 64 at 2-8.[1] As indicated, the Court dismissed the suit as to Corizon on October 3, 2022. ECF 64, ECF 65. In a 39-page opinion, the Court said, in part, ECF 64 at 28:

> As noted, § 1983 liability requires a showing of personal conduct that amounts to a violation of a federal constitutional right. The claim against Corizon is predicated solely upon a theory of respondeat superior. *See Austin v. Paramount Parks, Inc*., 195 F.3d 715, 727-28 (4th Cir. 1999); *Powell v. Shopco Laurel Co*., 678 F.2d 504, 506 (4th Cir. 1982); *Clark v. Maryland Dep't of Public Safety and Correctional Services*, 316 Fed. App'x. 279, 282 (4th Cir. 2009).
>
> Mr. Ervin faults Corizon for the failure to provide him with ADA accommodations and for failing to intervene on his behalf after he notified the CEO about his chronic sinus condition and chronic back pain. ECF 5 at 16. But, the circumstances of Mr. Ervin's housing within the prison are not a matter within Corizon's authority. *See* Code of Maryland Regulations 12.02.24.02. A (3) and (4) (designating correctional staff to assign housing and determine propriety of transfers between correctional facilities).
>
> To the extent that Mr. Ervin implies that Corizon is liable for any failure by its employees to advocate for his removal from disciplinary segregation and placement in a handicap accessible cell, that theory of liability is one of respondeat superior. Such a claim is inapplicable under § 1983. Therefore, plaintiff has not stated a claim against Corizon and the suit shall be dismissed as to Corizon.

Despite the fact that Mr. Ervin's claim against Corizon was dismissed on October 3, 2022, and the Clerk was directed on that date to close the case, Mr. Ervin did not file a Notice of Appeal with the Fourth Circuit until some nine months later, on June 15, 2023. ECF 67. This was about eight months after the expiration of the thirty-day appeal period provided under Fed. R. App. P. 4(a).

[1] Plaintiff is now incarcerated at Roxbury Correctional Institution in Hagerstown, Maryland. ECF 72 at 2.

In the interim, on February 21, 2023, Corizon filed a suggestion of bankruptcy. ECF 66. By that time, however, this case had been closed. *See* ECF 65.

The suggestion of bankruptcy states, in relevant part, that on "February 13, 2023, . . . a voluntary petition pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532" was filed on behalf of Tehum Care Services d/b/a Corizon Health, Inc. *Id*. The judgment entered in this case (ECF 65) pre-dated the bankruptcy petition by approximately four months.

As indicated, Mr. Ervin filed a Notice of Appeal to the Fourth Circuit on June 15, 2023. ECF 67. The case was then transmitted to the Fourth Circuit. ECF 68, ECF 69. That Court granted Mr. Ervin's Motion to Proceed in Forma Pauperis. ECF 70.

However, on August 4, 2023, the Fourth Circuit administratively closed Mr. Ervin's appeal due to the automatic bankruptcy stay that was in place with respect to Corizon as of February 13, 2023. ECF 71. But, the Fourth Circuit expressly advised Mr. Ervin that the closure was "without prejudice to filing a motion to reopen the *appeal* upon termination or lifting of the stay in bankruptcy." *Id.* at 1 (emphasis added).

Therefore, Mr. Ervin's motion to reopen should have been directed to the Fourth Circuit. And, it would pertain to his appeal, not to the original litigation.

In any event, the Motion is without merit. In his Motion, Mr. Ervin seeks to relitigate his claim that, *inter alia*, his need for accommodations under the Americans with Disabilities Act was improperly denied by Warden Jeffrey Nines. ECF 72 at 8. He reasons that this case should be reopened and his arguments considered because Corizon's bankruptcy stay was lifted as of June 30, 2026. *Id*. at 3. But, this Court previously resolved the suit as to all defendants. Mr. Ervin may not reopen this case on the basis that the bankruptcy stay was lifted, as it was not even in place

when his claim against Corizon was dismissed, and obviously had no bearing on the Court's disposition.

"[T]he Bankruptcy Code provides that when a bankruptcy petition is filed, all judicial actions against the debtor are automatically stayed." *Herlihy v. DBMP, LLC*, 167 F.4th 142, 149 (4th Cir. 2026) (citing 11 U.S.C. § 362(a)(1). "When a debtor files a petition for bankruptcy, the Bankruptcy Code protects the debtor's interests by imposing an automatic stay on efforts to collect *prepetition debts* outside the bankruptcy forum." *City of Chicago, Illinois v. Fulton*, 592 U.S. 154, 156 (2021) (emphasis supplied).

The judicial action initiated by Mr. Ervin against Corizon in this case was no longer pending when Corizon filed a bankruptcy petition and did not create a debt for Corizon. Therefore, there was nothing in this case that was subject to the automatic stay. Following this Court's dismissal of the suit as to Corizon, there was no debt created that required bankruptcy protection. In other words, nothing generated by this case impacted the bankruptcy proceedings.

Moreover, Mr. Ervin had 30 days from the docketing of this Court's Order of October 3, 2022 (ECF 65), to file an appeal challenging the dismissal of his claims against Corizon. *See* Fed. R. App. Proc. 4(a)(1)(A). He did not do so. Rather, he waited nine months after the entry of judgment by this Court to note his appeal.

Any attempt by Mr. Ervin to now "reopen" his claim against Corizon because the bankruptcy court has lifted the automatic stay is an exercise in futility, as this case was dismissed before the stay existed. Simply put, the case was not resolved or delayed in this Court because of the stay, and Mr. Ervin may not use the stay as a ground to resurrect this suit.

This Court expresses no opinion as to whether the lifting of the stay would revive the appeal or entitle Mr. Ervin to pursue his appeal in the Fourth Circuit. That is not a question for this Court.

Accordingly, it is this 23rd day of October, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Motion (ECF 72) IS DENIED;
2. The Clerk SHALL CLOSE this case and provide a copy of this Memorandum and Order to Mr. Ervin.

/s/
Ellen L. Hollander
United States District Judge